IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JAMES CALVIN DUNNING, | § | |
| TDCJ-CID NO.1229735, | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION NO. H-05-3034 |
| DOUG DRETKE, Director of the Texas | § | |
| Department of Criminal Justice-Correctional | § | |
| Institutions Division, | § | |
| Respondent. | § | |

OPINION ON DISMISSAL

Petitioner James Calvin Dunning, an inmate incarcerated in the Texas Department of Criminal Justice – Correctional Institutions Division ("TDCJ-CID"), has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his 2004 felony conviction for aggravated robbery in cause number 950688 from the 339th State District Court of Harris County, Texas. (Docket Entry No.1).  Respondent has filed a motion for summary judgment, alleging that the Court is procedurally barred from considering some of petitioner's unexhausted claims and that petitioner has not asserted a constitutional error entitling him to federal habeas relief.  (Docket Entry No.11). Petitioner has not filed a response to the motion.  After considering all pleadings and the entire record, the Court will grant respondent's motion for summary judgment and deny petitioner relief.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner entered a plea of guilty without an agreed recommendation to the offense of aggravated robbery.  The 339th State District Court of Harris County, Texas accepted his plea and sentenced him to thirty years confinement in TDCJ-CID.  (Docket Entry No.1).  Petitioner did not file a motion for new trial or a direct appeal.  Petitioner filed a state application for writ of habeas corpus, seeking relief on grounds that (1) his plea was involuntary because his mind was not clear and he did not understand what he was filing; (2) his trial counsel deprived him of the effective

assistance of counsel; and, (3) the state district court judge, the prosecutor, and his trial counsel told him to sign plea papers with knowledge that he would get a sentence of thirty years.  (Docket Entry No.7, Part 1, pages 8-16; *Ex parte Dunning*, Application No.61,333-01).  The state district court sitting as a habeas court found the following:

1.   Petitioner's trial counsel advised petitioner regarding the meaning and consequences of signing the Agreement to Stipulate and Judicial Confession and petitioner's plea was knowing and voluntarily entered to the charge of aggravated robbery that had been fully explained to him;

2.   Trial counsel specifically advised petitioner regarding the full range of punishment and did not inform petitioner that he would receive fifteen years as a result of his conviction;

3.   Both trial counsel and the state district judge advised petitioner that there were no guarantees regarding punishment and that the judge had the full range of punishment available to sentence petitioner;

4.   Trial counsel specifically investigated petitioner's competency and sanity and the results were that petitioner was competent to proceed and legally sane at the time of the offense;

5.   Trial counsel was able to effectively communicate with petitioner and petitioner understood the legal process and the events that occurred in court and trial counsel had no indication that petitioner's medication affected his ability to understand the proceedings;

6.   Petitioner fully understood the nature of the charges against him and the consequences of his  guilty plea.

(Docket Entry No.7, Part 3, pages 12-13).  The state habeas court entered conclusions of law that petitioner failed to (1) overcome the presumption of voluntariness of his plea created by the trial court records; (2) allege sufficient facts, which, if true, would show that his conviction was obtained with an involuntary plea; (3) show that his trial counsel's advice regarding his plea was unreasonable or that it rendered his plea involuntary; (4) show that trial counsel's performance was deficient or that  he was prejudiced by trial counsel's allegedly deficient performance; and (5) demonstrate that his conviction was improperly obtained.  (*Id.*, page 14).  The state habeas court further concluded

2

that trial counsel provided reasonably effective assistance of counsel and that petitioner's challenge to the sufficiency of the evidence was not cognizable on habeas.  (*Id.*).  The Texas Court of Criminal Appeals denied petitioner's state habeas application without written order on the findings of the trial court without a hearing.  (*Id.*, page 3; *Ex parte Dunning*, Application No.61,333-01 at cover)

In the pending petition, petitioner seeks federal habeas relief on the following grounds:

1.   Petitioner's conviction was obtained by a plea of guilty that was not knowingly, intelligently and voluntarily entered because (a) petitioner was on medication at the time of the plea; (b) he was not competent to stand trial; (c) did not know the nature of the charge against him; and, (d) did not know the consequences of his guilty plea; and,

2.   Petitioner's trial counsel rendered ineffective assistance of counsel.

(Docket Entries No.1, No.2).

## STANDARD OF REVIEW

In deciding a motion for summary judgment, a court must determine whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  FED. R. CIV. P. 56(c).  The moving party bears the initial burden of informing the court of the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001); *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact."  *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).

Petitioner's federal habeas petition is subject to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). *Lindh*

*v. Murphy*, 521 U.S. 320 (1997). The AEDPA, codified as amended at 28 U.S.C. § 2254(d), "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Specifically, the AEDPA has "modified a federal habeas court's role in reviewing state prisoner applications in order to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under the law." *Bell v. Cone*, 535 U.S. 685, 693 (2002).

The petitioner retains the burden to prove that he is entitled to habeas corpus relief. *Williams v. Taylor*, 529 U.S. 362 (2000). In this case, petitioner presented claims in a state habeas corpus application. The Texas Court of Criminal Appeals denied the state habeas application without written order on the trial court's findings without a hearing. As a matter of law, a denial of relief by the Court of Criminal Appeals serves as a denial of relief on the merits of a claim. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000) (citing *Ex parte Torres*, 943 S.W.2d 469, 472 (Tex. Crim. App. 1997)). Therefore, only those claims properly raised by petitioner in his state application for habeas corpus relief have been adjudicated on the merits by the state courts.

Where a petitioner's claim has been adjudicated on the merits, section 2254(d) holds that this Court shall not grant relief unless the state court's adjudication:

(1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2); *Williams*, 529 U.S. at 411-13; *Hill v. Johnson*, 210 F.3d 481, 485 (5th Cir. 2000). Courts are to review pure questions of law and mixed questions of law and fact under subsection (d)(1), and pure questions of fact under subsection (d)(2). *Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001).

4

"The standard is one of objective reasonableness." *Montoya*, 226 F.3d at 403-04 (quoting *Williams*, 529 U.S. at 412-13 (O'Connor, J., concurring)).  Under this standard, a federal court's review is restricted to the reasonableness of the state court's "ultimate decision, not every jot of its reasoning." *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citing *Cruz v. Miller*, 255 F.3d 77, 86 (2nd Cir. 2001) (noting that even where a state court makes a mistake in its analysis, "we are determining the reasonableness of the state court's 'decision,' . . . not grading their papers.").

A decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 413.  A decision is an unreasonable application of federal law "if the state court identifies the correct governing legal principle. . . but unreasonably applies that principle to the facts of the prisoner's case." *Id.*  To be unreasonable, the state decision must be more than merely incorrect. *Gardner v. Johnson*, 247 F.3d 551, 560 (5th Cir. 2001).  A reversal is not required unless "the state court decision applies the correct legal rule to a given set of facts in a manner that is so patently incorrect as to be 'unreasonable.'" *Id.*  Factual findings made by the state court in deciding a petitioner's claims are presumed correct, unless the petitioner rebuts those findings with "clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Smith v. Cockrell*, 311 F.3d 661, 668 (5th Cir. 2002) (citing Rule 11 of the Rules Governing Section 554 Cases in District Courts), *overruled on other grounds by Tennard v. Dretke*, 542 U.S. 274 (2004).

Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999).  Thus, *pro se* pleadings are entitled to a liberal construction that includes all reasonable inferences that can be drawn from them. *Haines*, 404 U.S. at 521.  Nevertheless, "the

5

notice afforded by the Rules of Civil Procedure and the local rules" is considered "sufficient" to advise a *pro se* party of his burden in opposing a summary judgment motion. *Martin v. Harrison County Jail*, 975 F.2d 192, 193 (5th Cir. 1992).

<u>DISCUSSION</u>

<u>Procedural Bar</u>

Respondent contends that petitioner failed to exhaust specific claims regarding the voluntariness of his guilty plea.  Respondent also contends that petitioner did not present the documents in Exhibits A through G to the state habeas court; therefore, he has failed to exhaust his state remedies with respect to these exhibits.  Respondent maintains that the unexhausted claims are precluded from consideration by this Court because they are procedurally barred.  (Docket Entry No.11).

Under 28 U.S.C. § 2254, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief."  *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995).  The doctrine of exhaustion, codified as amended at 28 U.S.C. § 2254(b)(1) and (c), reflects a policy of federal/state comity.  *Coleman v. Thompson*, 501 U.S. 722 (1991).  Those statutes provide in pertinent part, as follows:

> (b)(1)   An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
>
> (A)      the applicant has exhausted the remedies available in the courts of the State; or
>
> (B)(i)   there is an absence of available State corrective process; or
>
> (ii)      circumstances exist that render such process ineffective to protect the rights of the applicant.

* * * *

6

> (c)     An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254 (b) – (c).  Under this framework, exhaustion means that the petitioner must have presented all of his habeas corpus claims fairly to the state's highest court before he may bring them to federal court.  *Castille v. Peoples*, 489 U.S. 346 (1989);  *Fisher v. State*, 169 F.3d 295, 302 (5th Cir. 1999).  In Texas, exhaustion may take one of two paths:  (1) the petitioner may file a direct appeal followed, if necessary, by a Petition for Discretionary Review in the Texas Court of Criminal Appeals, or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court which, if denied, is automatically transmitted to the Texas Court of Criminal Appeals.  *Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990).

Petitioner sought state habeas relief on the ground that his plea was involuntary because his mind was not clear and he did not understand what he was filing.  (Docket Entry No.7, Part 1, pages 8-16; *Ex parte Dunning*, Application No.61,333-01).  Petitioner did not complain in his state habeas application, as he did in the pending petition, that his plea was involuntary because he was incompetent to stand trial, did not know the nature of the charges against him, and did not know the consequences of his guilty plea, as demonstrated by him first declining to participate in the pre-sentencing investigation and then subsequently doing so.  It follows then, that petitioner has presented unexhausted claims in this federal habeas petition.

Ordinarily, a federal habeas petition that contains unexhausted claims is dismissed, allowing the petitioner to return to the state forum to present his unexhausted claims.  *Rose v. Lundy*, 455 U.S. 509 (1982).  Respondent, however, contends such a result in this case would be futile because petitioner's unexhausted claims would be procedurally barred as an abuse of the writ under Texas law.  (Docket Entry No.11).

7

On habeas review, a federal court may not consider a state inmate's claim if the state court based its rejection of that claim on an independent and adequate state ground. *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996). A procedural bar for federal habeas review also occurs if the court, to which a petitioner must present his claims to satisfy the exhaustion requirement, would now find the unexhausted claims procedurally barred. *Coleman,* 501 U.S. at 735 n.1.

Texas prohibits successive writs challenging the same conviction except in narrow circumstances. TEX. CODE CRIM. PROC. ANN. art. 11.07, § 4(a) (Vernon 2005). The Texas Court of Criminal Appeals will not consider the merits or grant relief on a subsequent habeas application unless the application contains sufficient specific facts establishing the following:

> (1)    the current claims and issues have not been and could not have been presented previously in an original application or in a previously considered application because the factual or legal basis for the claim was unavailable on the date the applicant filed the previous application; or
>
> (2)    by a preponderance of the evidence, but for a violation of the United States Constitution no rational juror could have found the applicant guilty beyond a reasonable doubt.

*Id.* The Texas Court of Criminal Appeals applies its abuse of the writ doctrine regularly and strictly. *Fearance v. Scott*, 56 F.3d 633, 642 (5th Cir. 1995) (per curiam).

Petitioner's federal habeas petition does not contain specific facts to establish that the claims in the pending petition regarding his plea could not have been raised in his state habeas petition or that he is innocent. Therefore, petitioner's unexhausted claims do not fit within the exceptions to the successive writ statute and would be procedurally defaulted in state court. *Coleman*, 501 U.S. at 735 n.1. Such a bar precludes this Court from reviewing petitioner's claims absent a showing of cause for the default and actual prejudice attributable to the default. *Id.* at 750.

Petitioner has been given notice through respondent's motion for summary judgment that the Court would consider a dismissal of claims under the procedural default doctrine and has been given

8

an opportunity to respond with any argument he may have opposing dismissal in a response to the motion for summary judgment. *See Magouirk v. Phillips*, 144 F.3d 348, 359 (5th Cir. 1998). Petitioner, however, did not respond to the motion for summary judgment and therefore, has failed to address the default, the cause of the default, or prejudice resulting from the default. Accordingly, the Court will dismiss petitioner's claims that his plea was involuntary because he was incompetent to stand trial, he did not know the nature of the charge against him, and did not know the consequences of his guilty plea as procedurally barred.

<u>Knowing and Voluntary Plea</u>

Respondent also moves for summary judgment on the ground that petitioner's plea was knowing and voluntary. Petitioner complained in his state habeas application that his plea was involuntary because his mind was not clear and he did not understand what he was filing. He complains in his federal petition that his plea was involuntary because he was on medication at the time of his plea and his mind was "out there," much like severe alcohol intoxication. (Docket Entry No.2, page 4). Petitioner claims that his mind was not clear and he was unable to intelligently understand the proceedings, make critical decisions about a guilty plea, and to assist his attorney in making a defense. Plaintiff contends that he alerted the state district court and his trial counsel that he was on medication. (*Id*.).

A guilty plea will be upheld on habeas review if entered into knowingly, voluntarily, and intelligently. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). A plea of guilty entered by one fully aware of the direct consequences, including the actual value of any commitments made to him by the court, prosecutor, or his own counsel, must stand unless induced by threats, misrepresentation, or improper promises having no relationship to the prosecutor's business, such as bribes. *Brady v. United States*, 397 U.S. 742, 755 (1970).

The state habeas court found that petitioner's trial counsel specifically investigated petitioner's competency and sanity and the results were that petitioner was competent to proceed and legally sane at the time of the offense and that trial counsel was able to effectively communicate with petitioner. The state habeas court also found that petitioner understood the legal process and the events that occurred in court and trial counsel had no indication that petitioner's medication affected his ability to understand the proceedings. The state habeas court further found that petitioner fully understood the nature of the charges against him and the consequences of his guilty plea. (Docket Entry No.7, Part 3, pages 12-13).

The record supports the findings of the state habeas court. Plaintiff's trial counsel, David W. Kiatta, attested by affidavit that he knew at the time petitioner entered his guilty pea that petitioner was taking medication but he did not recall the specific medication. (Docket Entry No.7, Part 3, page 8). Kiatta further attested that he does not believe the medications affected petitioner's ability to understand the proceedings. (*Id.*). Kiatta indicated that he read the plea papers to petitioner before he entered the plea and that he advised petitioner about the range of punishment and that there were no guarantees as to what his punishment would be. (*Id.*). Kiatta also attested that at his request petitioner was evaluated by MHMRA for both competency and sanity and the results were that he was competent to proceed and legally sane at the time of the offense. (*Id.*). Kiatta was able to communicate with petitioner during the course of his representation and Kiatta believed that petitioner understood the legal process and the events that occurred in court. (*Id.*). Kiatta attested that petitioner understood the nature of the charges against him and the consequences of his plea and that petitioner decided to enter the plea even though his attorney was set for a jury trial. (*Id.*).

Petitioner signed a Waiver of Constitutional Rights, Agreement to Stipulate, and Judicial Confession, in which he stated that he understood the allegations and confessed they were true.

(Docket Entry No.7, Part 4, pages 3-4).  Petitioner indicated that his plea was entered without an agreed recommendation as to punishment.  (*Id.*, page 4).  The document was signed by petitioner, his trial counsel, the prosecutor, and the presiding judge.  (*Id.*).

Petitioner also initialed and signed written plea admonishments, which show that petitioner was admonished about the range of punishment.  (*Id.*, page 5).  In the Statements and Waivers of Defendant, petitioner indicated by initial that he was mentally competent and understood the nature of the charge against him, the admonishments a guilty plea, the consequences of his plea, and that his plea was freely and voluntarily made.  (*Id.*, pages 8-9).  Petitioner, his trial counsel, the prosecutor, and the presiding judge signed this document.  (*Id.*, page 9).

Petitioner's pleadings fail to rebut the findings of the state habeas court that the facts stated in his trial counsel's affidavit were true and that petitioner entered a knowing and voluntary plea. Accordingly, he fails to show that the state courts' determination that his plea was voluntary is an unreasonable application of federal law.  Respondent is entitled to summary judgment on this ground.

Ineffective Assistance of Counsel

In the pending petition, petitioner claims his trial counsel rendered ineffective assistance of counsel but he states no facts to support the claim.  (Docket Entry No.1).  In the memorandum in support of the petition, petitioner does not address the ineffective assistance of counsel claim except to complain that petitioner unknowingly participated in the pre-sentence investigation and signed the form at the prompting of trial counsel, "who acted in the stead of the court."  (Docket Entry No.2, page 6).

11

The Sixth Amendment to the United States Constitution guarantees a criminal defendant the right to effective assistance of counsel. U.S. CONST. amend. VI. When a convicted defendant seeks habeas corpus relief on the ground of ineffective assistance of counsel, he must show that (1) counsel's representation fell below an objective standard of reasonableness, and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-91, 694 (1984). A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

To satisfy the second or "prejudice" prong of the *Strickland* test in the context of a guilty plea a petitioner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59, (1985); *accord Craker v. McCotter*, 805 F.2d 538, 541 (5th Cir. 1986). Therefore, in the context of a guilty plea, a petitioner alleging ineffective assistance of counsel may attack counsel's performance only as it relates to the voluntariness of his guilty plea. *Tollett v. Henderson*, 411 U.S. 258, 266 (1973); *DeVille v. Whitley*, 21 F.3d 654, 659 (5th Cir. 1994). It is not sufficient for a habeas petitioner to merely allege deficiencies on the part of counsel. He must affirmatively plead the resulting prejudice in his habeas petition. *Hill*, 474 U.S. at 59-61; *Bridge v. Lynaugh*, 838 F.2d 770, 773 (5th Cir.1988).

Petitioner, however, fails to satisfy either prong of the *Strickland* test as modified by *Hill v. Lockhart* for cases involving habeas petitioners who pleaded guilty. He alleges no facts or circumstances that might support a conclusion that trial counsel's performance was deficient and no facts that would show that, but for trial counsel's alleged deficiencies, petitioner would not have pleaded guilty and would have insisted on going to trial. *See Craker*, 805 F.2d 541. His claim of

ineffective assistance of counsel is conclusory in nature and, as such, fails to state a cognizable ground for relief.

Respondent is entitled to summary judgment on this ground.

## CERTIFICATE OF APPEALABILITY

A certificate of appealability from a habeas corpus proceeding will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).  This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations and citations omitted).  Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Beazley v. Johnson*, 242 F.3d 248, 263 (5th Cir. 2001).  On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Beazley*, 242 F.3d at 263 (quoting *Slack*, 529 U.S. at 484); *see also Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000).  A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  The Court has determined that petitioner has not made a substantial showing of the denial of a constitutional right.  Therefore, a certificate of appealability from this decision will not issue.

## CONCLUSION

Finding no unreasonable application of clearly established federal law in the record of the state habeas proceeding, the Court ORDERS the following:

1.  Respondent's motion for summary judgment (Docket Entry No.11) is GRANTED.

2.  Petitioner's petition for federal habeas relief is DENIED.

3.  This habeas action is DISMISSED, with prejudice.

4.  A certificate of appealability is DENIED.

5.  All pending motions, if any, are DENIED.

The Clerk will provide a copy to the parties.

Signed at Houston, Texas, on July 27, 2006.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE